NO. 07-10-0435-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 12, 2012

_____

UNDERWOOD, WILSON, BERRY, STEIN & JOHNSON, P.C., APPELLANT

V.

VINCENT P. SPERRAZZA, APPELLEE

_____

FROM THE DISTRICT 108TH COURT OF POTTER COUNTY;

NO. 62,277-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Underwood, Wilson, Berry, Stein and Johnson, P.C., appeals the trial court's October 4, 2010 *Order Terminating Writ of Withholding and Lien*. Presenting three issues, Appellant maintains (1) the order is void because the trial court lacked plenary power to vacate its prior orders; (2) alternatively, the trial court abused its discretion when it terminated the withholding order; and (3) the trial court's October 27,

2009 *Agreed Order Terminating Order for Withholding* did not affect Appellant's rights. We sustain Appellant's second issue and reverse and remand.

## Procedural History

Appellee, Vincent P. Sperrazza, and his former wife divorced in 1999 in Bastrop County, Texas. They are the parents of one child, Z.C.S. The final decree of divorce appointed both parents as joint managing conservators, with Z.C.S.'s mother having the right to establish the child's primary residence. The decree ordered Appellee to pay child support and further directed his employer to withhold earnings to satisfy that obligation. In 2000, the case was transferred to Potter County, Texas. Several modification orders were subsequently entered. In 2005, a modification order was entered which provided:

> [t]he Court finds as attorney's fees and expenses rendered in this suit on behalf of Respondent [mother] were necessaries to the child, [Z.C.S.]. IT IS THEREFORE ORDERED that good cause exists to award the law firm of Underwood, Wilson, Berry, Stein & Johnson, P.C., a judgment of $8,000.00 for attorney's fees and expenses rendered in relation to the child and *in the nature of child support* . . . . The judgment, for which let execution issue, is awarded against VINCENT PAUL SPERRAZZA, Petitioner.

(Emphasis added.) This modification order was never appealed.

In 2009, Appellee and his former wife entered into an agreed order wherein the court ordered that Appellee have the exclusive right to determine the child's domicile, terminated his child support obligation, and ordered that his former wife pay child support. Thereafter, on June 18, 2010, Appellant filed a *Notice of Application for Order/Notice to Withhold Income for Child Support (Judicial Writ of Withholding)*

2

requesting child support arrearages for the principal amount of $8,000.00 in attorney's fees from the 2005 order, plus accrued interest. Appellee filed an answer to the notice in which he claimed that the obligation for attorney's fees had been discharged in bankruptcy.[1] On July 14, 2010, an order was entered directing Appellee's employer to withhold from his income $600.00 per month for "[a]ttorney's fees judgment, plus interest, as child support." On July 21, 2010, Appellee moved to stay issuance of that writ of income withholding for child support. Appellant filed an answer alleging the motion to stay was moot, without legal authority, and also pleaded affirmative defenses of res judicata, collateral estoppel, waiver, estoppel and laches. In denying Appellee's motion to stay, the trial court found that it had jurisdiction over the matter, but found Appellee was not entitled to a hearing on the motion because it was untimely filed. That order was not appealed.

On July 29, 2010, prior to the denial of his motion to stay, Appellee also moved to terminate the writ of income withholding. Appellant answered contending there was no legal authority for a hearing on the motion to terminate and again pleaded various affirmative defenses. A hearing was held on September 13, 2010, and the following day, the trial court advised counsel that after researching the issue, it concluded the attorney's fees awarded "'in the nature of child support' [was] void" and informed the parties it would be entering an order terminating the July 14, 2010 writ of income withholding. On October 4, 2010, the trial court memorialized its ruling terminating the withholding order and also terminating any lien encumbering Appellee's property. It is

---

[1]According to several of Appellee's pleadings, his debts were discharged in bankruptcy in cause number 05-20455-7, on August 10, 2005. We express no opinion as to whether bankruptcy discharges a debt for attorney's fees awarded "in the nature of child support."

3

this order from which Appellant appeals. Findings of Fact and Conclusions of Law were entered by the trial court on October 26, 2011.

Both parties agree this appeal turns on the question of whether the 2005 order awarding attorney's fees "in the nature of child support" is void or voidable. Therefore, we begin by addressing Appellant's second issue by which it contends the trial court abused its discretion by granting Appellee's motion to terminate the writ of withholding and lien because the motion amounted to a collateral attack on a final judgment. Appellee's reply is premised on the contention that the 2005 order is void, and because it is void, as opposed to voidable, it is subject to attack at any time. For the reasons expressed herein, we disagree with Appellee's contention.

## Standard of Review

We review the trial court's order terminating a writ of withholding for abuse of discretion. *Beistel v. Allen*, Nos. 01-06-00246-CV and 01-06-00276-CV, 2007 Tex. App. LEXIS 4307 (Tex.App.--Houston [1st Dist.] May 31, 2007, no. pet) (mem. op.).[2] A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

---

[2]Appellee asserts we should apply a *de novo* review because the award of attorney's fees is a legal conclusion. We disagree. This appeal is a review of a trial court's 2010 order terminating a writ of withholding, not the 2005 order awarding attorney's fees *in the nature of child support*.

4

## I. Analysis

### A. Characterization of Attorney's Fees as Child Support

The Legislature distinguishes between the award of attorney's fees and costs awarded in modification suits and those awarded in child support enforcement actions because of the potentially serious consequences that stem from an award of attorney's fees in the nature of child support. *See In re K.J.D.*, 299 S.W.3d 517, 518 (Tex.App.-- Dallas 2009, no pet.). Attorney's fees awarded in a modification suit may be collected by any means available for the enforcement of a judgment for debt. Tex. Fam. Code Ann. § 106.002(b) (West 2008); *In re K.J.D.*, 299 S.W.3d at 518. By way of contrast, attorney's fees awarded in a child support enforcement proceeding may be enforced by any means available for the enforcement of child support, including contempt. Tex. Fam. Code Ann. § 157.167(a) (West 2008); *In re Moers*, 104 S.W.3d 609, 611 (Tex.App.--Houston [1st Dist.] 2003, no pet.). Therefore, in an enforcement proceeding attorney's fees may be awarded as additional child support. *See In re K.J.D.*, 299 S.W.3d at 518. *See also In re A.M.W.*, 313 S.W.3d 887, 893 (Tex.App.--Dallas 2010, no pet.).

### B. Void versus Voidable

An order awarding attorney's fees as child support cannot be reviewed by collateral attack unless the order is void. *See Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973) (holding that the judgment of a court of general jurisdiction is not subject to collateral attack except on the ground that the court lacked jurisdiction to enter that particular judgment). Jurisdiction refers to a court's authority to

5

adjudicate a case. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). As long as a court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void. *Id.* Errors other than lack of jurisdiction, such as "a court's action contrary to a statute or statutory equivalent," merely render the judgment voidable which is correctable through the ordinary appellate process or other proper proceeding. *Id.*

**Discussion**

The 2005 modification order awarded Appellant $8,000.00 for attorney's fees and expenses and characterized the award as being "in the nature of child support." Because this was not an enforcement proceeding, the trial court's characterization of the award as being in the nature of child support was contrary to statutory authority. Notwithstanding the fact that Appellee and his former wife agreed to terminate a withholding order for child support in 2009, the 2005 award of attorney's fees remained unpaid and Appellant took action to enforce that award by filing a notice of application for judicial withholding on June 18, 2010, pursuant to section 158.301 of the Family Code. Accompanying the notice was a suggested form for Appellee to use to file a verified motion to stay issuance of the writ pursuant to section 158.307(a). On July 14, 2010, the trial court entered an order directing Appellee's employer to withhold earnings to satisfy that obligation. On July 21, 2010, more than a month after the notice was originally filed by Appellant, Appellee filed a motion to stay delivery of the judicial writ of withholding. Prior to obtaining a ruling on his motion to stay, he also filed a motion to terminate the writ of withholding. The motion to stay was denied by order dated August

6

5, 2010, which provided in part, that Appellee was not entitled to a hearing "having failed to timely file his motion."[3]

Thirty-nine days after denying Appellee's motion to stay, the trial court held a hearing on the pending motion to terminate the writ of withholding. At the conclusion of that hearing the trial court announced the 2005 modification order awarding Appellant attorney's fees was "void" and also announced it was terminating its July 14, 2010 withholding order. On October 4, 2010, the trial court signed its order terminating the July 14, 2010 judicial writ of withholding and also terminating any lien encumbering Appellee's property. Appellant is now appealing the order terminating the writ of withholding.

The 2005 modification order awarding attorney's fees was not challenged by Appellee by direct appeal. However, because the proceeding was a modification of child support and not brought for enforcement of child support, the court's action in awarding attorney's fees as child support was contrary to section 157.167(a) of the Texas Family Code. However, the trial court's incorrect characterization of the award does not render an order void. *See Reiss*, 118 S.W.3d at 443 (holding that "a court has jurisdiction to characterize community property - even if it does so incorrectly.") Rather, the order is *voidable* and can be attacked by direct appeal. *Id.* Here, the trial court incorrectly characterized the award of attorney's fees as being "in the nature of child support," but in doing so, it was not without appropriate jurisdiction. Because Appellee did not appeal that order it became final.

---

[3]Section 158.307(a) provides that an obligor may stay issuance of a judicial writ of withholding by filing a motion to stay . . . not later than the 10th day after the date the obligor receives notice. It is unclear from the record when Appellee received notice; however, he does not raise the issue in his brief.

Appellee relies on *In re A.M.W.*, 313 S.W.3d at 893, in which the appellate court deleted the characterization of attorney's fees awarded as child support in a modification proceeding. However, *In re A.M.W.* was a direct appeal of a modification order and not a collateral attack. When Appellee failed to appeal the 2005 modification order to challenge the attorney's fees award characterized as child support, the order became final and he may not now collaterally challenge that award. *Reiss*, 118 S.W.3d at 443. Because the 2005 order was merely voidable and not void, the trial court abused its discretion in so finding and in terminating the July 14, 2010 writ of withholding. Appellant's second issue is sustained. Our disposition of issue two pretermits consideration of issues one and three. Tex. R. App. P. 47.1.

## Conclusion

Our conclusion that the 2005 order was voidable renders the July 14, 2010 writ of withholding valid. *See In re M.L.G.*, No. 04-02-00189-CV, 2002 Tex. App. LEXIS 8404, at *2-4 (Tex.App.--San Antonio Nov. 27, 2004, pet. denied) (mem. op.). Because the writ of withholding was valid, the trial court erred in setting it aside over Appellant's objection. Accordingly, we reverse the trial court's October 4, 2010 *Order Terminating Writ of Withholding and Lien* and remand the cause for further proceedings.

Patrick A. Pirtle
Justice

8